IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL THOMPSON, No. B-81126, Plaintiff, | ) ) ) ) | |
| vs. | ) ) ) | Case No. 17−cv–329-JPG |
| WEXFORD HEALTH SOURCES, INC., DOCTOR RITZ, DOCTOR FEINERMAN, DOCTOR SHEPHERD, DOCTOR FAHIM, DOCTOR SHEARING, and DOCTOR TROST, Defendants. | ) ) ) ) ) ) ) ) ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Michael Thompson, an inmate in Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff contends officials at Menard were deliberately indifferent to his serious medical condition (Crohn's disease). In connection with these claims, Plaintiff Wexford Health Sources, Inc., Doctor Ritz, Doctor Feinerman, Doctor Shepherd, Doctor Fahim, Doctor Shearing, and Doctor Trost. Plaintiff sues all defendants in their individual and official capacities. Plaintiff seeks monetary damages, as well as declaratory and injunctive relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Complaint survives preliminary review under this standard.

## **The Complaint**

Plaintiff arrived at Menard in November 2008. (Doc. 1, p. 2). Plaintiff informed medical staff that he suffered from Crohn's disease and that he took medication for the same. *Id.* Plaintiff explained that one of his medications, Remicade, was critical for controlling the flare-ups associated with his condition and prevented his disease from escalating. *Id.* Medical staff elected not to prescribe Remicade. *Id.* Instead, Plaintiff was treated with a less effective medication. *Id.* The selected treatment barely addressed Plaintiff's pain and never alleviated the symptoms of his condition. Over the next eight years, medical staff ignored Plaintiff's medical

2

needs associated with his condition and continued to provide only ineffective treatment options. (Doc. 1, pp. 2-3).

The inadequate medical care exacerbated Plaintiff's symptoms and escalated the disease. (Doc. 1, p. 3). Specifically, Plaintiff states the severity of the following symptoms increased: (1) bloating, (2) stomach cramps/spasms, (3) vomiting, (4) body aches, (5) hot and cold sweats, (6) loss of sleep, (7) loss of appetite, and (8) severe weight loss (from 190 to 135 lbs). *Id.* Plaintiff contends the ineffective treatment was the equivalent of providing no medical care whatsoever. (Doc. 1, pp. 2-3).

In 2015, Plaintiff stayed in the infirmary at Menard's Healthcare Unit ("HCU") on two occasions and was hospitalized at outside facilities on two occasions for severe flare-ups (Chester Hospital and Carbondale Hospital). (Doc. 1, p. 3). Specialists at Carbondale hospital indicated that Plaintiff's condition was severe and recommended specific follow-up treatment, including surgery. *Id.* The specialists specifically advised that Plaintiff's condition had deteriorated so much, further treatment would be ineffective and surgery was the only option. *Id.* Dr. Trost ignored the recommendations, took no action, and refused to appeal the Collegial Review Board's denial of Plaintiff's request for surgical treatment.

On April 19, 2016, Plaintiff was taken to an outside hospital for an emergency surgery. (Doc. 1, p. 3). A significant portion of Plaintiff's large intestine was removed during the surgery. *Id.* This led to a bladder infection that caused waste to be excreted through Plaintiff's urethra. *Id.* Following the April 2016 surgery, Plaintiff was advised that it would take six months to reverse the operation and remove the colostomy bag. *Id.*

In October 2016, Plaintiff was taken to an outside hospital for a second emergency surgery. *Id.* This surgery was necessary because Plaintiff's small intestine became strangulated (twisted in a knot), which resulted in that section of the small intestine being removed. *Id.*

Plaintiff alleges that his condition unnecessarily deteriorated, resulting in emergency surgeries and further injury to the Plaintiff, as a result of inadequate care provided by the Defendants. Plaintiff specifically alleges that, over the years, Ritz, Feinerman, Shepherd, Fahim, Shearing, and Trost have been responsible for treatment of Plaintiff's Crohn's disease. (Doc. 1, p. 4). That these Defendants failed to provide effective treatment, subjected Plaintiff to deficient treatment, refused to pursue treatment that had been recommended, and/or persisted in pursuing ineffective treatment. (Doc. 1, pp. 4-5).

Plaintiff contends Wexford is subject to liability for implementing and enforcing policies that emphasize the minimization of monetary expenditures over access to adequate care for serious medical needs. (Doc. 1, pp. 4-5).

**Discussion**

The Court finds it convenient to divide the *pro se* action into the following counts. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

**Count 1 -** Eighth Amendment deliberate indifference claim to serious medical needs against Ritz, Feinerman, Shepherd, Fahim, Shearing, and Trost in relation to Plaintiff's Crohn's disease.

**Count 2 -** Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for instituting and following cost-saving **policies** and practices which delayed the provision of medical care and resulted in inadequate treatment, and which caused Menard providers to fail to treat Plaintiff's Crohn's disease.

**Count 1**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may be shown where medical providers persist in a course of treatment known to be ineffective. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Under the above standard, Plaintiff has sufficiently alleged that Ritz, Feinerman, Shepherd, Fahim, Shearing, and Trost acted with deliberate indifference to Plaintiff's serious medical needs by failing to treat, delaying treatment, persisting in a course of treatment known to be ineffective, and/or prolonging Plaintiff's pain and exacerbating Plaintiff's condition. Accordingly, Count 1 shall receive further review as to these Defendants.

**Count 2**

With respect to defendant Wexford Health Sources Inc. ("Wexford"), the Seventh Circuit has held that a corporate entity violates an inmate's constitutional rights, in this case showing deliberate indifference to Plaintiff's serious medical needs, only when it has a policy that creates conditions that infringe upon an inmate's constitutional rights. *See Woodward v. Corr. Med. Serv. Of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).

Giving liberal construction to the Complaint, Plaintiff has alleged that Wexford's cost-cutting policy caused or influenced Plaintiff's physicians' decision making with respect to denying, delaying, and/or providing ineffective treatment. Accordingly, Count 2 shall receive further review.

**<u>Injunctive Relief</u>**

As previously noted, Plaintiff is seeking injunctive relief. Plaintiff does not specify the type of injunctive relief he is seeking. The Court construes Plaintiff's request for injunctive relief as a request for relief <u>at the close of the case</u>. <u>If Plaintiff needs medical care during the pendency of this action or wishes to seek some other type of interim relief, he should file a motion for a TRO or a preliminary injunction pursuant to Rule 65(a) or (b) indicating the exact form of relief he seeks, the reasons why he seeks said relief, and the factual allegations supporting his request</u>. He may do so at any time during the pending action.

Further, with respect to Plaintiff's request for injunctive relief, the warden is the appropriate party. *Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Accordingly, the

Clerk will be directed to add Jacqueline Lashbrook, the warden of Menard, in her official capacity, for purposes of carrying out any injunctive relief that is ordered.

**Pending Motions**

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) is under advisement as the Court waits for Plaintiff to provide the necessary prisoner trust fund account information. (Doc. 4). For purposes of determining how service of process shall proceed, however, the Court observes that Plaintiff appears to qualify for pauper status. Accordingly, service of summons and the Complaint will be effected at government expense. See 28 U.S.C. § 1915(d).

**Disposition**

The **Clerk** is **DIRECTED** to add **JACQUELINE LASHBROOK**, the warden of Menard, in her official capacity, for purposes of carrying out any injunctive relief that is ordered.

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **RITZ, FEINERMAN, SHEPHERD, FAHIM, SHEARING,** and **TROST** in their individual capacities only.

**IT IS FURTHER ORDERED** that **COUNT 2** shall receive further review as to **WEXFORD HEALTH SOURCES, INC.**, the only Defendant named in connection with this claim.

**IT IS HEREBY ORDERED** that the Clerk of the Court shall prepare for Defendants **RITZ, FEINERMAN, SHEPHERD, FAHIM, SHEARING, TROST, LASHBROOK,** and **WEXFORD HEALTH SOURCES, INC:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and

7

return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's Motion for Appointment of Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), if all parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 18, 2017**

                                                    *s/J. Phil Gilbert*
                                                  **J. Phil Gilbert**
                                                  **United States District Judge**