IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-329-NJR-DGW |
| | ) |
| WEXFORD HEALTH SOURCES, DOCTOR RITZ, DOCTOR FEINERMAN, DOCTOR SHEPHERD, DOCTOR FAHIM, DOCTOR SHEARING, DOCTOR TROST, and JACQUELINE LASHBROOK, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 87) regarding the motion for summary judgment filed by Defendants John Shepherd, M.D., Magid Fahim, M.D., Adrian Feinerman, M.D., Robert Shearing, M.D., John Trost, M.D., Stephen Ritz, D.O., and Wexford Health Sources, Inc. (collectively "Defendants") (Doc. 61).[1] The motion seeks summary judgment on the issue of exhaustion of administrative remedies. The Report and Recommendation was entered on August 3, 2018; it recommends granting the motion for summary judgment filed by Defendants (Doc. 81). Plaintiff Michael

---

[1] The Clerk's Office is **DIRECTED** to update the docket sheet to reflect the true and accurate names of Defendants as listed above.

Thompson ("Thompson") did not file an objection to the Report and Recommendation.[2]

Thompson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights (Doc. 1). Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Thompson was permitted to proceed on the following claims:

> **Count 1 –** Eighth Amendment deliberate indifference to serious medical needs claim against Ritz, Feinerman, Shepherd, Fahim, Shearing, and Trost in relation to Thompson's Crohn's disease.
>
> **Count 2 –** Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for instituting and following cost-saving policies and practices which delayed the provision of medical care and resulted in inadequate treatment, and which caused Menard Correctional Center providers to fail to treat Thompson's Crohn's disease.

(Doc. 6, p. 4-6). Jacqueline Lashbrook, the warden of Menard Correctional Center, was added as a defendant in her official capacity only, due to Thompson's claim for injunctive relief.

Defendants filed a motion for summary judgment in February 2018, arguing that Thompson failed to exhaust his administrative remedies prior to filing suit (Docs. 60, 61). Thompson filed a response in opposition to the motion (Docs. 68 and 70). In accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion on August 2, 2018 (Docs. 85 & 91). On August 3, 2018, Magistrate Judge Wilkerson issued the Report and

---

[2] The Report and Recommendation is directed to United States District Judge J. Phil Gilbert, however, on August 24, 2018, this case was reassigned from Judge Gilbert to the undersigned pursuant to Administrative Order No. 188 (Doc. 90).

Recommendation currently before the Court, in which he concluded that Thompson failed to exhaust his administrative remedies.

Specifically, as to the grievance dated January 24, 2016, Magistrate Judge Wilkerson found that Thompson did not fully exhaust his administrative remedies because he failed to wait for a final determination from the chief administrative officer ("CAO") before appealing to the Administrative Review Board ("ARB") (Doc. 87, p. 6). As to the April 5, 2016 grievance, Magistrate Judge Wilkerson found that Thompson did not fully exhaust his administrative remedies because he sent this grievance directly to the ARB, without first submitting it to his grievance counselor and the CAO (*Id.*). As to the July 7, 2016 grievance, Magistrate Judge Wilkerson found that Thompson did not fully exhaust his administrative remedies because he failed to send that grievance to the ARB (*Id.*).

Finally, as to the December 18, 2016 grievance, Magistrate Judge Wilkerson found that Thompson did not fully exhaust his administrative remedies because he filed this lawsuit before the ARB issued its decision (*Id.*). In his Report and Recommendation, Magistrate Judge Wilkerson advised Thompson that the statute of limitations on his claim runs two years after he has exhausted his administrative remedies (June 6, 2017) and that there appears to be no bar to Thompson refiling this action based on the allegations contained within the December 18, 2016 grievance.

Objections to the Report and Recommendation were due on or before August 20, 2018. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). No objections were filed. Where neither timely nor specific objections to the Report and

Recommendation are made, the Court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The undersigned has reviewed Magistrate Judge Wilkerson's Report and Recommendation and finds there is no clear error in his findings of fact or conclusions of law. Accordingly, the Report and Recommendation (Doc. 87) is **ADOPTED** in its entirety. The motion for summary judgment filed by Defendants Fahim, Ritz, Feinerman, Shearing, Trost, Shepherd, and Wexford (Doc. 60) is **GRANTED**. This action is **DISMISSED without prejudice** for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

DATED: September 11, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**